**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re: | |
| EXZERT WATSON, III, | Bankruptcy Case No. 26-10261 TBM |
| | Chapter 7 |
| Debtor. | |
| | |
| MELISSA UBALLE, | |
| Plaintiff, | Adv. Pro. No. 26-01104 TBM |
| v. | |
| EXZERT WATSON, III, | |
| Defendant. | |

## ORDER IMPOSING SANCTIONS

THIS MATTER comes before the Court on the "Order to Show Cause for Failure to Appear" (Docket No. 13, the "Order to Show Cause") issued by the Court on July 7, 2026.

The Plaintiff, Melissa Uballe ("Plaintiff Uballe"), commenced this Adversary Proceeding against the Debtor-Defendant, Exzert Watson, III ("Defendant Watson"), by filing a "Complaint to Determine Dischargeability of Debt" on April 17, 2026. (Docket No. 1.) Through the Complaint, Plaintiff Uballe asserted a single claim for nondischargeability of Debt against Defendant Watson under 11 U.S.C. § 523(a)(6). Defendant Watson, acting without legal counsel, filed an "Answer and Affirmative Defenses to Complaint" on May 18, 2026. (Docket No. 5.) Since the case was at issue, the Court issued an "Order Setting Pretrial Conference," on May 19, 2026. (Docket No. 6.) The Court set a Pretrial Scheduling Conference for June 23, 2026.

The Court conducted the Pretrial Scheduling Conference on June 23, 2026. Plaintiff Uballe and her legal counsel appeared. Defendant Watson also appeared. Defendant Watson advised the Court repeatedly that he had retained legal counsel, who he identified as Susan Pesch. Defendant Watson stated that Susan Pesch was unable to attend. As a result, Defendant Watson asked for the Court to continue the Pretrial Scheduling Conference so as to permit Susan Pesch to participate. The Court was reluctant to do so since Plaintiff Uballe and her legal counsel were present, and Susan Pesch had not entered her appearance or filed a written motion to continue in advance of

1

the Pretrial Scheduling Conference.  However, the Court issued a "Minute Order" (Docket No. 9) continuing the Pretrial Scheduling Conference to July 7, 2026, to permit Susan Pesch's participation.  The Court also ordered Susan Pesch to promptly enter her appearance and listen to the recording of the Pretrial Scheduling Conference.

On July 6, 2026, Susan Pesch entered her appearance on behalf of Defendant Watson through her execution of a "Revised Joint Report."  (Docket No. 11.)  She identified her law firm ("Pesch Law Office, PC"), her business address, telephone number, and e-mail.

The Court conducted the continued Pretrial Scheduling Conference on July 7, 2026. Plaintiff Uballe and her legal counsel again appeared.  Defendant Watson also appeared. But Susan Pesch failed to appear again.  Her client, Defendant Watson advised that she had told him that she was otherwise engaged in a hearing or trial in another court. Defendant Watson was unable to identify the case, case name, or court for the matter in which Susan Pesch apparently elected to participate instead of appearing at the Pretrial Scheduling Conference.  Susan Pesch did not file a motion in advance of the Pretrial Scheduling Conference identifying any timing conflict or reason for a further continuance.

As a result of Susan's Pesch's misconduct (failing to appear at two hearings), the Court issued the Order to Show Cause, which stated:

> THIS MATTER comes before the Court in connection with the Pre-Trial Scheduling Conference conducted on July 7, 2026, at 10:00 a.m. Defendant's counsel Susan Pesch ("Defendant's Counsel") did not appear by phone or in person. The Court being otherwise advised in the premises, hereby
>
> ORDERS that on or before July 21, 2026, Defendant's Counsel shall show cause to this Court in writing why she should not be sanctioned up to $1,500 for her failure to appear at the Pre-Trial Scheduling Conference on July 7, 2026.  If Defendant's Counsel does not submit a response to this Order by the above date, this Court may impose additional sanctions against Defendant's Counsel. The Court
>
> FURTHER ORDERS Susan Pesch to: (1) confirm the date she was retained by the Defendant, Exzert Watson, III; (2) confirm that she received a copy of the June 23, 2026, Minute Order in advance of the hearing; and (3) provide a written summary of the nature of the defenses, including the affirmative defenses, laid out in "Defendant Exzert Watson, III's Answer and Affirmative Defenses to Complaint to Determine Dischargeability of Debt" (Docket No. 5).
>
> In addition to the foregoing, the Court ORDERS Susan Pesch to promptly obtain the audio recording from the Clerk's Office

2

for the June 23, 2026, and July 7, 2026, hearings. Susan Pesch is ordered to listen to the audio recordings promptly. A certificate of compliance certifying her compliance with this order must be filed by July 21, 2026.  Failure to do so may result in another order to show cause.

Consistent with her pattern of non-participation and failure to follow Court orders, Susan Pesch elected to violate the Order to Show Cause.  She did not respond in writing to the Order to Show Cause.  She did not provide any reason why she should not be sanctioned up to $1,500 for her failure to appear at the Pre-Trial Scheduling Conference on July 7, 2026.  And she did not respond to any of the other requirements of the Order to Show Cause either.

Susan Pesch's conduct is egregious and interferes with the administration of justice. Having entered her appearance in this Adversary Proceeding, she has submitted herself to the jurisdiction of the Court with respect to attorney conduct and discipline.  Susan Pesch has received due process and waived any argument why she should not be sanctioned for her misconduct by failing to respond to the Show Cause Order.  *Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir. 1987) (basic components of due process are notice that the Court is considering sanctions and an opportunity for the attorney accused of misconduct to respond).  Enough is enough.  A reasonable monetary sanction is warranted by virtue of Susan Pesch's misconduct and failure to comply with Court orders.

The Court has the authority to enter an appropriate sanction.  *See Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir. 1994).  In *Jones*, the Tenth Circuit Court of Appeals stated:

> . . . the provisions of 11 U.S.C. § 105(a) [] provide that the bankruptcy "court may issue any order . . . necessary or appropriate to carry out the provisions of this title" and that nothing "preclude[s] the court from, sua sponte, taking any action or making any determination necessary or appropriate . . . to prevent an abuse of process."  We believe, and hold, that § 105 intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers. Cf. Mountain Am. Credit Union v. Skinner (In re Skinner),* 917 F.2d 444, 447 (10th Cir.1990) (concluding that bankruptcy courts do not have inherent civil contempt power but that such power is granted by 11 U.S.C. § 105 . . . .  The power to maintain order and confine improper behavior in its own proceedings seems a necessary adjunct to any tribunal charged by law with the adjudication of disputes.  We should not lightly infer its absence, and we see no reason to do so here.

*Jones*, 40 F.3d at 1089.

Accordingly, it is ORDERED that Susan Pesch is hereby SANCTIONED.  Susan Pesch shall pay $1,500.00 to the Clerk of the Bankruptcy Court **on or before August 6,**

**2026**, failing which she may be subject to further monetary and non-monetary sanctions, including an Order barring her from practicing before the United States Bankruptcy Court of the District of Colorado for five years. The Court

FURTHER ORDERS that Susan Pesch shall file with the Court a certification or receipt showing such payment by no later than **August 7, 2026**.  The Court

FURTHER ORDERS that Susan Pesch shall comply with **all requirements** of the Order to Show Cause by **August 7, 2026**, failing which she may be subject to further monetary and non-monetary sanctions, including an Order barring her from practicing before the United States Bankruptcy Court of the District of Colorado for five years.

DATED this 24th day of July, 2026.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge

4