**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>EXZERT WATSON, III,<br><br>Debtor. | Bankruptcy Case No. 26-10261 TBM<br>Chapter 7 |
| MELISSA UBALLE,<br><br>Plaintiff,<br><br>v.<br><br>EXZERT WATSON, III,<br><br>Defendant. | Adv. Pro. No. 26-01104 TBM |

**ORDER DENYING MOTION TO RECONSIDER ORDER IMPOSING SANCTIONS**

THIS MATTER comes before the Court on the "Motion to Reconsider Order Imposing Sanctions" filed by Defendant's Attorney Susan Pesch ("Attorney Pesch") on August 5, 2026 (Docket No. 23, the "Motion to Reconsider"). In her Motion, Attorney Pesch requests that the Court grant "leave of Court to file an Answer to the Show Cause Order that was due 07/21/2026 and for the Court to reconsider its Order Imposing Sanctions entered 07/24/2026."

**Background**

The Plaintiff, Melissa Uballe ("Plaintiff Uballe"), commenced this Adversary Proceeding against the Debtor-Defendant, Exzert Watson, III ("Defendant Watson"), by filing a "Complaint to Determine Dischargeability of Debt" on April 17, 2026. (Docket No. 1.) Through the Complaint, Plaintiff Uballe asserted a single claim for nondischargeability of Debt against Defendant Watson under 11 U.S.C. § 523(a)(6). Defendant Watson, acting without legal counsel, filed an "Answer and Affirmative Defenses to Complaint" on May 18, 2026. (Docket No. 5.) Since the case was at issue, the Court issued an "Order Setting Pretrial Conference," on May 19, 2026. (Docket No. 6.) The Court set a Pretrial Scheduling Conference for June 23, 2026.

The Court conducted the Pretrial Scheduling Conference on June 23, 2026. Plaintiff Uballe and her legal counsel appeared. Defendant Watson also appeared.

Defendant Watson advised the Court repeatedly that he had retained legal counsel, who he identified as Attorney Pesch. Defendant Watson stated that Attorney Pesch was unable to attend. As a result, Defendant Watson asked the Court to continue the Pretrial Scheduling Conference to permit Attorney Pesch to participate. The Court was reluctant to do so since Plaintiff Uballe and her legal counsel were present, and Attorney Pesch had not entered her appearance or filed a written motion to continue in advance of the Pretrial Scheduling Conference. However, the Court issued a "Minute Order" (Docket No. 9) continuing the Pretrial Scheduling Conference to July 7, 2026, to permit Attorney Pesch's participation. The Court also ordered Attorney Pesch to promptly enter her appearance and listen to the recording of the Pretrial Scheduling Conference.

On July 6, 2026, Attorney Pesch entered her appearance on behalf of Defendant Watson through her execution of a "Revised Joint Report." (Docket No. 11.) She identified her law firm ("Pesch Law Office, PC"), her business address, telephone number, and e-mail.

The Court conducted the continued Pretrial Scheduling Conference on July 7, 2026. Plaintiff Uballe and her legal counsel again appeared. Defendant Watson also appeared. But Attorney Pesch failed to appear again. Her client, Defendant Watson advised that she had told him that she was otherwise engaged in a hearing or trial in another court. Defendant Watson was unable to identify the case, case name, or court for the matter in which Attorney Pesch apparently elected to participate instead of appearing at the Pretrial Scheduling Conference. Attorney Pesch did not file a motion in advance of the Pretrial Scheduling Conference identifying any timing conflict or reason for a further continuance. She simply failed to appear.

As a result of Attorney Pesch's misconduct (failing to appear at two scheduled hearings for which she had advanced notice), the Court issued an "Order to Show Cause" (Docket No. 13, the "Order to Show Cause"), which stated:

> THIS MATTER comes before the Court in connection with the Pre-Trial Scheduling Conference conducted on July 7, 2026, at 10:00 a.m. Defendant's counsel Susan Pesch ("Defendant's Counsel") did not appear by phone or in person. The Court being otherwise advised in the premises, hereby
>
> ORDERS that on or before July 21, 2026, Defendant's Counsel shall show cause to this Court in writing why she should not be sanctioned up to $1,500 for her failure to appear at the PreTrial Scheduling Conference on July 7, 2026. If Defendant's Counsel does not submit a response to this Order by the above date, this Court may impose additional sanctions against Defendant's Counsel. The Court

> FURTHER ORDERS Susan Pesch to: (1) confirm the date she was retained by the Defendant, Exzert Watson, III; (2) confirm that she received a copy of the June 23, 2026, Minute Order in advance of the hearing; and (3) provide a written summary of the nature of the defenses, including the affirmative defenses, laid out in "Defendant Exzert Watson, III's Answer and Affirmative Defenses to Complaint to Determine Dischargeability of Debt" (Docket No. 5).
>
> In addition to the foregoing, the Court ORDERS Susan Pesch to promptly obtain the audio recording from the Clerk's Office for the June 23, 2026, and July 7, 2026, hearings. Susan Pesch is ordered to listen to the audio recordings promptly. A certificate of compliance certifying her compliance with this order must be filed by July 21, 2026. Failure to do so may result in another order to show cause.

Consistent with her pattern of non-participation and failure to follow Court orders, Attorney Pesch elected to violate the Order to Show Cause. She did not respond in writing to the Order to Show Cause. She did not provide any reason why she should not be sanctioned up to $1,500 for her failure to appear at the Pre-Trial Scheduling Conference on July 7, 2026. And she did not respond to any of the other requirements of the Order to Show Cause either.

As a result, this Court entered the "Order Imposing Sanctions" (Docket No. 18, "Order Imposing Sanctions") on July 24, 2026. The Order Imposing Sanctions required Attorney Pesch to pay "$1,500.00 to the Clerk of the Bankruptcy Court" as well as "comply with all requirements of the Order to Show Cause."

On August 5, 2026, Attorney Pesch filed a Receipt of Payment, Certificate of Compliance, and Receipt of Orders (Docket Nos. 24, 25, 26) along with the Motion to Reconsider.

## **Discussion**

Attorney Pesch has failed to cite any legal authority in support of the instant Motion to Reconsider. As a strict technical matter, "[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration." *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (internal quotation omitted). However, when a motion for reconsideration is filed within 14 days of a bankruptcy court's entry of a final order, the motion generally is treated as a motion to alter or amend the order under Fed. R. Civ. P. 59(e), incorporated by Fed. R. Bank. P. 9023. *See Hawkins*, 64 F.3d at 546 (interpreting earlier version of Rule 59, which provided a ten-day period for parties to ask a district court to alter or amend a final order or judgment). The Motion to Reconsider was filed on August 5, 2026, which was within 14 days after the issuance of the Court's Order Imposing Sanctions. As such, the Court believes that the Motion to Reconsider is properly construed as a motion pursuant to Fed. R. Civ. P. 59(e).

There are three major grounds that justify reconsideration under Fed. R. Civ. P. 59(e): (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp*., 57 F.3d 941, 944 (10th Cir. 1995); *Mantle Ranches, Inc. v. U.S. Park Serv*., 950 F. Supp. 299, 300 (D. Colo. 1997). Put another way, "[a] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. But, a motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*; *see also Mantle Ranches*, 950 F. Supp. at 300 ("a motion for reconsideration is not a license for a losing party's attorney to get a 'second bite at the apple' and make legal arguments that could have been raised before"). *See also U.S. v. Metropolitan St. Louis Sewer Dist*., 440 F.3d 930, 935 (8th Cir. 2006) ("Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to the entry of judgment.").

Attorney Pesch states that she was "saturated with new clients and their hearing dates limited by statute" and "[a]dmission and filing privileges were obtained after the deadline set by the Court for 07/21/2026." Attorney Pesch did not file any motions requesting a continuance of the two Pretrial Scheduling Conferences and failed to respond to the Order to Show Cause. The Court determines that leave to file an answer to the Order to Show Cause should not be granted nor will the Court reconsider its Order Imposing Sanctions. Attorney Pesch has not satisfied her burden under Fed. R. Civ. P. 59(e), as incorporated by Fed. R. Bankr. P. 9023.

Attorney Pesch not being admitted "to practice law in the Federal Court for the District of Colorado on the Court dates at issue" and "mistakenly assum[ing] that being admitted to Federal Court in Illinois would suffice for practicing in Federal Court for the District of Colorado and allow her to e-file into Bankruptcy Court" does not excuse her from her duties to this Court and her clients. Attorney Pesch failed to appear twice and then ignored the Order to Show Cause.

Attorney Pesch only complied with the Court's orders after the Order Imposing Sanctions was entered.

Attorney Pesch's Motion to Reconsider is DENIED and leave to file an answer to the Order to Show Cause is DENIED.

DATED this 20th day of August, 2026.

BY THE COURT:

Thomas B. McNamara

Thomas B. McNamara
United States Bankruptcy Judge